86 F.3d 1179
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David S. COLVIN, Plaintiff-Appellant,
v.
NATIONAL AUTOMOTIVE PARTS ASSOCIATION, Danaher Corporation,
Holo-Krome Technology Corporation, Matco Tools
Technology Corporation, and Easco Hand
Tools, Inc. Defendants/Cross-Appellants.
 Nos. 95-1461, 95-1473.
 United States Court of Appeals, Federal Circuit.
 May 22, 1996.
 
 Before RICH, NEWMAN and PLAGER, Circuit Judges.
 
 PLAGER
 
 1
 The District Court for the Eastern District of Michigan granted summary judgment of invalidity against certain of David S. Colvin's ("Colvin's") patent claims. Colvin v. National Automotive Parts Ass., Civil No. 93-CV-71830-DT (E.D.Mich. July 5, 1995). The district court's decision is vacated and remanded, with instructions to reopen the case for further proceedings consistent with this opinion.
 
 DISCUSSION
 
 2
 Patents are presumed valid, 35 U.S.C. § 282, and a party who attacks a patent's validity must establish the specific grounds for the attack. In this case, defendants asserted invalidity under 35 U.S.C. §§ 102(b) and 103, relying on the "Moore wrenches" allegedly sold by defendants from 1984 through 1991. The lower court found this problematic because, inter alia, the alleged wrenches were evidenced by a drawing that was modified after Colvin's application was filed. The district court therefore denied summary judgment based on the Moore wrenches. However, the court then granted summary judgment of invalidity based on the Dossier/Facom '957 patent.
 
 
 3
 Because summary judgment was granted on grounds not asserted by the prevailing party, and the losing party did not have an opportunity to rebut the grounds, the court must give the patentee an opportunity to defend on the grounds the court wishes to consider. The Supreme Court has stated that "district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). In this case, the judgment below is difficult to review because this court does not have the benefit of the parties' arguments made there. This court does not even have the entire Dossier/Facom patent in the record, nor does it appear that the trial court had the full record before it. Furthermore, because Colvin was not given an opportunity below to address the trial court's concerns, this court finds it difficult to determine whether or not there are unresolved factual issues. We conclude that the most efficient disposition of this case is to remand it to the trial judge with instructions to reopen the case for further proceedings consistent with this opinion.